Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MUHAMMED OJIBARA,

*Plaintiff,*

v.

CITY OF IRVINGTON, et al.

*Defendants.*

Civil Action No. 18-15315

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter concerns alleged discrimination by public officials. Plaintiff Muhammed Ojibara brings this action against the City of Irvington,[1] the Civil Service Commission Board ("CSCB"), Deidre L. Webster Cobb, Dolores Gorczyca, Daniel W. O'Mullan, the State of New Jersey, and Detective Weseley,[2] for denying Plaintiff's application to be a fire fighter in the Irvington Fire Department and allegedly falsely arresting Plaintiff. D.E. 1-2. Currently pending before the Court is CSCB, Cobb, Gorczyca, and O'Mullan's (collectively the "Defendants" for purposes of this motion) motion to dismiss the claims against them in Plaintiff's First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. D.E. 5. The Court reviewed the parties'

---

[1] Plaintiff asserts claims against the "City of Irvington," although he appears mean "Township of Irvington."

[2] Plaintiff does not provide Detective Wesley's full name.

submissions in support and in opposition[3] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is granted.

## I. INTRODUCTION[4]

At the outset, the Court notes that the Plaintiff's FAC is difficult to understand at times. For example, paragraph seven on page three reads in its entirety: "Defendant, New Jersey Transit is[.]" FAC at 3, ¶ 7. No other information is provided. New Jersey Transit is not listed as a Defendant in this action, nor is the Court provided any context for this incomplete sentence.

Plaintiff, who is of Nigerian-descent, applied to become a fire fighter in the Irvington Fire Department but was denied the position on or before September 14, 2016. FAC at 4, ¶ 1-3. Plaintiff also alleges that on September 19, 2016, Detective Wesley "directed Plaintiff to come into the Police Station where he and two unknown police officers arrested Plaintiff for charges of violating Administrative Code. By allegedly refusing to pay prescribed _____ in Jersey City and Newark." *Id.* at 4, ¶ 4 (emphasis omitted). The underlined section in the quote is at it appears in the FAC; the Court does not know what information Plaintiff intended to insert into the blank space. Plaintiff also does not clarify what "Administrative Code," or alleged violation thereof, he is referring to. Plaintiff alleges that his arrest was unlawful because the arrest was "not [pursuant to] charges for which a warrant could issue or for which an arrest made [sic] by [sic] made." *Id.* at ¶ 5 (emphasis omitted). Plaintiff alleges that Defendants unlawfully disqualified Plaintiff from

---

[3] Defendants' brief in support of their motion will be referred to as "Def. Br.," D.E. 5-1; Plaintiff's opposition will be "Pl. Opp'n," D.E. 14-2; Defendants' reply will be "Def. Reply," D.E. 17.

[4] The facts are derived from Plaintiff's FAC, D.E. 1-2. When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

consideration for the fire fighter position "for reasons which were false as said alleged offenses were not crimes and would not and could not be disqualifying offenses." *Id.* at 4, ¶ 7 (emphasis omitted). Again, Plaintiff does not give a description of the alleged offenses. Plaintiff also fails to indicate why the unnamed charges were false.

On August 30, 2018, Plaintiff filed the FAC in the Superior Court of New Jersey, alleging nine counts: (I) "negligent, reckless, wanton disregard for Plaintiff's rights"; (II) "unlawful stop, search, and arrest [under] New Jersey Constitution, Article I, Paragraphs 1, 5, 7"; (III) "false arrest and false charges and imprisonment"; (IV) "New Jersey Constitutional Violation, *Peper v. Princeton*, 77 N.J. (1978)"; (V) "infliction of severe emotional distress"; (VI) "violation of N.J.S.A. 10:5-12-f[:] places of public accommodations"; (VII) "misuse and abuse of process" under 42 U.S.C. §§ 1983, 1985, 1986, 1988; (VIII) violation of the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-2(c); and (IX) "state created danger." FAC at 5-16. Defendants then removed the action to this Court. D.E. 1. Defendants' indicated that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as to Count VII, which alleges violations of 42 U.S.C. §§ 1983, 1985, 1986, and 1988. D.E. 1 ¶¶ 3-4. Defendants then filed the current motion. D.E. 5. Plaintiff opposed this motion, D.E. 14, and Defendants replied, D.E. 17.

## II. STANDARD OF REVIEW

Rule 12(b)(1)

In deciding a Rule 12(b)(1) motion for lack of subject-matter jurisdiction, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed.[5] A facial attack "contests the sufficiency of the complaint because

---

[5] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

3

of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (citing *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

For a facial attack, "the Court must consider the allegations of the complaint as true," much like a Rule 12(b)(6) motion to dismiss. *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the Plaintiff to prove the Court has jurisdiction. *Id.* (citing *Petruska*, 462 F.3d at 302). Thus, the district court must find that "the allegations on the face of the complaint, taken as true, allege sufficient facts to invoke the jurisdiction of the District Court" to overcome a facial attack. *Culver v. U.S. Dep't of Labor Occupational Safety & Health Admin.*, 248 F. App'x 403, 406 (3d Cir. 2007) (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability

requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, a district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

## III. ANALYSIS

Defendants argue that the Court does not have subject matter jurisdiction over this matter *"[t]o the extent that Plaintiff wishes to appeal his removal from the Eligibility List,"* as Plaintiff "must do so in the New Jersey Superior Court, Appellate Division." Def. Br. at 20 (emphasis added). Indeed, "[t]he exclusive method for review of action or inaction of a [New Jersey] State administrative agency . . . is by direct appeal to [to the Appellate Division]." *In re Failure by the Dep't of Banking & Ins. to Transmit a Proposed Dental Fee Schedule to OAL*, 336 N.J. Super. 253, 261 (App. Div. 2001) (citing N.J. Ct. R. 2:2-3(a)(2)). The FAC does not appear to make such a claim. Plaintiff seeks money damages for alleged discrimination; he does not seek an injunction ordering that he be hired as a fire fighter in Irvington. *See* FAC at 6-16. In other words, Plaintiff

5

is not appealing CSCB's decision to remove Plaintiff from the Eligibility List in this action.[6] Therefore, Defendants' concern as to subject matter jurisdiction is inapplicable.

Turning to the plausibility of Plaintiff's claims, the Court notes at the outset that Plaintiff's FAC is replete with conclusory allegations. The FAC's actual factual allegations are limited and include that (1) CSCB disqualified Plaintiff from consideration for a position in the Irvington Fire Department because of certain unidentified offenses that Plaintiff allegedly committed; and that (2) Detective Wesley arrested Plaintiff for unidentified violations of an unidentified administrative code. FAC at 4, ¶¶ 4, 7. As explained below, the factual allegations are insufficient to meet the plausibility standard.

Plaintiff first brings a claim for "negligent, reckless, wanton disregard for Plaintiff's rights." FAC at 5-6, ¶¶ 1-4. "To establish a prima facie case of negligence, a plaintiff must establish the following elements: (1) duty of care, (2) breach of that duty, (3) proximate cause, and (4) damages." *D'Alessandro v. Hartzel*, 422 N.J. Super. 575, 579 (App. Div. 2011). Plaintiff makes a number of conclusory allegations as to Defendants' alleged breach. *See* FAC at 6, ¶4(a)-(f) ("Failed to properly evaluate, assess and control their staff"; "Failed . . . to take proper, appropriate and/or necessary measures"; "Failed . . . to properly train, supervise and monitor"; "Engaged in dilatory tactics"; "Otherwise deviated from the acceptable standard of care"). However, Plaintiff fails to make any specific allegation as to the conduct of Defendants Cobb, Gorczyca, and O'Mullan – other than that they are members of CSCB, generally. *Id.* at 2, ¶ 3.

---

[6] It appears that Plaintiff is appealing such removal in a separate action before the Appellate Division. Pl. Opp'n at 14. Thus, Plaintiff is also not bringing this action in lieu of a prerogative writ, as Defendants' briefly contend, Def. Br. at 21.

Such allegation is insufficient to plausibly allege that Defendants Cobb, Gorczyca, or O'Mullan breached a duty owed to Plaintiff.[7]

Moreover, Plaintiff fails to plausibly allege that CSCB breached any duty to Plaintiff. The core of Plaintiff's claim is that CSCB "disqualif[ied] Plaintiff for reasons which were false as said alleged offenses were not crimes and would not and could not be disqualifying offenses." FAC at 4, ¶ 7. However, Plaintiff does not identify the alleged offenses,[8] making it impossible for the Court to begin to determine whether such alleged offenses constitute adequate grounds for disqualification.[9] Thus, Plaintiff has not plausibly pled, at a minimum, the breach element. As a result, the negligence count is insufficient. Because Plaintiff has not plausibly pled negligence, Plaintiff also has not plausibly plead a claim under the heightened liability standards for recklessness or intentional conduct. *See Schick v. Ferolito*, 167 N.J. 7, 20 (2001) (comparing these standards of care). Count I is dismissed without prejudice as to Defendants.

---

[7] These allegations also do not plausibly allege that these Defendants "aided and abetted each other," as Plaintiff alleges in passing, FAC at 6, ¶ 4(f). *See Gardenhire v. New Jersey Mfrs. Ins. Co.*, 333 N.J. Super. 219, 228 (Law. Div. 2000) (explaining that aiding and abetting liability requires that the individuals "knowingly and substantially assist[ed] [in] the principal violation").

[8] The FAC and opposition seem to suggest that Plaintiff's arrest by Detective Wesley for violation of an administrative code served as the basis for Plaintiff's disqualification. *See* FAC at 4 ¶¶ 4-7; Pl. Opp'n at 19. However, the FAC indicates that Plaintiff was denied employment as a fire fighter on September 14, 2016 – five days *before* Detective Wesley arrested Plaintiff for violation of an administrative code (on September 19, 2016). FAC at 4 ¶¶ 3, 4. The FAC fails to indicate how an earlier decision was predicated on later events.

[9] Plaintiff also does not identify the administrative regulation that specifies which offenses constitute grounds for disqualification. Instead, Plaintiff seems to characterize CSCB"s "duty" to Plaintiff as a duty to not "violat[e] Plaintiff's Article VII Rights" under the New Jersey Constitution. FAC at 6, ¶¶ 2-3. Plaintiff does not identify which rights in particular he is referring to in Article VII. Plaintiff also does not indicate that he is bringing this count under the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6–2(c), the appropriate avenue for vindicating violations of an individual's New Jersey Constitutional rights. *See Lerner v. City of Jersey City*, No. 17-1024, 2019 WL 1468735, at *4 (N.J. Super. Ct. App. Div. Apr. 2, 2019) (discussing such).

Plaintiff next brings a claim for "unlawful stop, search, and arrest [under] New Jersey Constitution, Article I, Paragraphs 1, 5, 7."[10] FAC at 7-8, ¶¶ 1-7. Plaintiff alleges that his arrest by the Irvington Police on September 14, 2016 serves the basis of this claim. *Id.* at 7, ¶¶ 3-4. Plaintiff's basis for Defendants' liability is that Defendants allegedly "did not [properly] supervise or train" these arresting officers. *Id.* at 7, ¶ 5. However, as noted above, CSCB is a state agency. *Id.* at 2, ¶ 3. The Irvington Police Department is a municipal agency. Plaintiff has not alleged any plausible reason why the CSCB – a state agency – would be responsible for supervising or training the Irvington Police – a municipal agency – in making such arrest. Thus, Plaintiff has failed to plausibly plead an unlawful stop, search, and arrest by Defendants. Count II is dismissed without prejudice.

Plaintiff also sues for "false arrest and false charges and imprisonment." FAC at 8, ¶¶ 1-3. Plaintiff appears to allege that Defendants "signed Complaints against Plaintiff, which resulted in alleged warrants which resulted in Plaintiff's arrest by Irvington Police." *Id.* at 8, ¶ 3. Again, however, Plaintiff does not plausibly allege that CSCB had any authority vis-a-vis the arrest of Plaintiff. Count III is dismissed without prejudice.

Plaintiff includes a claim for "New Jersey Constitutional Violation, *Peper v. Princeton*, 77 N.J. (1978)." FAC at 8-10, ¶¶ 1-10. In *Peper*, the Supreme Court of New Jersey recognized that New Jersey courts can "enforce rights recognized by the New Jersey Constitution, even in the absence of implementing legislation." 77 N.J. at 76. Thus, the New Jersey Supreme Court allowed a cause of action for discrimination under N.J. Const., Art. I, ¶ 1. *Id.* at 80. Such discrimination claims require "disparate treatment" or "disparate impact." *Id.* at 81. Disparate treatment is when

---

[10] Plaintiff also mentions that the actions alleged in this count also violate the United States Constitution, Articles IV, V, and XIV; however, Plaintiff does not include such violations in the caption.

8

"[t]he employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin," and in this type of claim, "[p]roof of discriminatory motive is critical, although it can in some situations be inferred from the mere fact of differences in treatment." *Id.* Disparate impact "involves employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Id.* at 81-82. Such claims do not require proof of a discriminatory motive. *Id.* Plaintiff does not plausibly plead disparate treatment or disparate impact. Plaintiff alleges that Defendants denied Plaintiff employment as a fire fighter in Irvington because he was "a black man with a, [sic] African name." FAC at 9, ¶ 4. This allegation is conclusory.[11] Count IV is dismissed without prejudice.

Plaintiff next brings a claim for intentional infliction of emotional distress ("IIED"). FAC at 10-11, ¶¶ 1-5. An IIED claim requires a plaintiff to show that:

> (1) the defendant acted intentionally; (2) the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community;" (3) the defendant's actions proximately caused him/her emotional distress; and (4) the emotional distress was "so severe that no reasonable [person] could be expected to endure it.

*Ungvarsky v. Ungvarsky*, No. 14-1852, 2015 WL 8373128, at *3 (N.J. Super. Ct. App. Div. Dec. 10, 2015) (quoting *Segal v. Lynch*, 413 N.J. Super. 171, 191 (App. Div. 2010)). Here, Plaintiff fails to plausibly allege any specific action by Defendants Cobb, Gorczyca, O'Mullan, or CSCB that unjustifiably wronged Plaintiff, let alone rose to the level of outrageousness required for an IIED claim. Count V is dismissed without prejudice.

---

[11] Plaintiff mentions other rights within this count but does not specifically assert them in the caption or elaborate on them. *E.g.* FAC at 9, ¶ 8 (referencing right to a speedy trial).

9

Plaintiff also asserts a claim for "violation of N.J.S.A. 10:5-4, 10:5-12-f[:] places of public accommodations." FAC at 11-12, ¶¶ 1-6. Section 10:5-4 provides that "[a]ll persons shall have the opportunity to obtain employment, and to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation, . . . without discrimination because of race, . . . , subject only to conditions and limitations applicable alike to all persons." N.J.S.A. § 10:5-4. Section 10:5-12(f) deems it unlawful for an "employee of any place of public accommodation . . . to discriminate against any person in the furnishing thereof . . . on account of the[ir] race . . . ." N.J.S.A. § 10:5-12(f). As noted, Plaintiff's allegations as to racial discrimination are entirely conclusory. Count VI is dismissed without prejudice.

Plaintiff next raises a claim for misuse and abuse of process under 42 U.S.C. §§ 1983, 1985, 1986, and 1988. FAC at 12-13, ¶¶ 1-6. Abuse of process is "the misuse or misapplication of the legal procedure in a manner not contemplated by law." *Simone v. Golden Nugget Hotel & Casino*, 844 F.2d 1031, 1036 (3d Cir. 1988). In support of his claim, Plaintiff alleges that "[a]ll charges were dismissed against Plaintiff." FAC at 12, ¶ 2. Plaintiff does not provide any more context for this prior legal action taken against Plaintiff, which appears to serve as the basis for this count. Plaintiff also makes no plausible allegation as to the role of Defendants Cobb, Gorczyca, O'Mullan, or CSCB in this prior proceeding. Plaintiff fails to plausibly plead an abuse or misuse of process by these Defendants.

More fundamentally, Plaintiff does not explain how his alleged abuse of process claim fits within the parameters of Sections 1983, 1985, 1986, and/or 1988. If Plaintiff mistakenly cited those statutes, and instead meant to assert a state law abuse of process violation, then this Court would apparently lack subject-matter jurisdiction. Without a cause of action pursuant to Title 42

of the United States Code, there would apparently be no basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Count VII is dismissed without prejudice.

Plaintiff next claim is for violations of the NJCRA, N.J.S.A. § 10:6-2(c). FAC at 13-14, ¶¶ 1-7. The NJCRA provides as follows:

> Any person who has been deprived of . . . any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. § 10:6-2(c). To establish an NJCRA violation in a case such as this, a plaintiff must show that (1) the New Jersey Constitution or laws of New Jersey conferred a substantive right; (2) the defendant deprived the plaintiff of this right; and (3) the defendant was acting under color of law when doing so. *Tumpson v. Farina*, 218 N.J. 450, 473 (2014). Here, as explained above, Plaintiff has not plausibly shown how Defendants deprived him of any substantive right conferred by the New Jersey Constitution. Count VIII is dismissed without prejudice.

Finally, Plaintiff brings a claim for "state created danger." FAC at 14-16, ¶¶ 1-9. The following elements are essential for a state-created danger claim:

> (1) the harm ultimately caused was foreseeable and fairly direct;
> (2) a state actor acted with a degree of culpability that shocks the conscience;
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

11

*Bright v. Westmoreland Cty.*, 443 F.3d 276, 281 (3d Cir. 2006) (internal quotations omitted). Further, under the fourth element, liability is predicated on "*affirmative acts*" rather than inaction. *Id.* (emphasis in original).

Here, Plaintiff fails to plausibly plead at least the second and fourth elements. Without a description of the disqualifying offenses, the Court cannot conclude that Plaintiff plausibly alleged that Defendants acted with a degree of culpability that shocks the conscience. Additionally, Plaintiff has not plausibly alleged that Defendants created more of a danger to Plaintiff by disqualifying him from the Irvington Fire Department than ignoring the alleged offenses and allowing Plaintiff to become a fire fighter. Finally, even the conclusory allegations appear to fall far short of situations in which state-created danger liability attaches. *See, e.g., Gormely v. Wood-El*, 218 N.J. 72 (2014). Count IX is dismissed without prejudice.

## IV. CONCLUSION

In sum, the Court grants Defendants CSCB, Cobb, Gorczyca, and O'Mullan's motion to dismiss Plaintiff's FAC. All Counts as to these Defendants are dismissed without prejudice. Plaintiff has thirty (30) days to file a Second Amended Complaint, if he so chooses, consistent with this Opinion. If Plaintiff does not do so, the counts will be dismissed with prejudice.

As noted, the Court denies Defendants' "Eligibility List" argument as to subject-matter jurisdiction. However, while Plaintiff referenced certain federal statutes in the FAC, it is not clear that he is actually relying on any federal statute in light of his allegations. If Plaintiff is not relying on a federal statute or law, then he should so clarify in a Second Amended Complaint. If Plaintiff is not asserting a federal question, then this Court would apparently lack subject-matter jurisdiction, with the result being that the case would be remanded to the Superior Court of New Jersey.

An appropriate Order accompanies this opinion.

Date: May 23, 2019

_____
John Michael Vazquez, U.S.D.J.